**IT IS ORDERED as set forth below:**

**Date: October 4, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBER** |
| HENRY C. HARDIN, III | : | 18-70395-LRC |
| Debtor. | : | |
| _____ | : | |
| ZURICH AMERICAN INSURANCE CO., | : | |
| AMERICAN ZURICH INSURANCE CO., | : | |
| THE ZURICH SERVICES CORP., | : | |
| Movants, | : | |
| v. | : | |
| HENRY C. HARDIN, III, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Respondent. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the Motion to Strike Linda Hardin's Errata Sheet (the

"Motion") (Doc. 139) filed by Zurich American Insurance Company, American Zurich Insurance Company, and The Zurich Services Corporation ("Zurich").  The Motion is opposed by Henry C. Hardin, III ("Debtor") and Linda Hardin ("Hardin").  This discovery dispute arises in connection with Zurich's pending motion to dismiss Debtor's Chapter 7 bankruptcy case pursuant to § 707(a) of the Bankruptcy Code (the "Motion to Dismiss").

In preparation for an evidentiary hearing on the Motion to Dismiss scheduled for July 16, 2019, Zurich took Hardin's deposition on May 30, 2019 ("the First Deposition"). Zurich's counsel questioned Hardin for seven hours regarding topics including her sources of income going back to the 1980s and her knowledge of her husband's business and financial affairs.  Hardin received a copy of the transcript from the First Deposition on June 10, 2019.  Hardin prepared an errata sheet, dated July 10, 2019, listing thirty-nine changes to her deposition transcript (the "Errata Sheet").  Some of the changes corrected typographical errors, such as the use of the word "form" rather than from, some of the changes supplemented or clarified Hardin's response, and others corrected answers that Hardin later realized, after consulting her tax returns, had been given in error.  Hardin provided the Errata Sheet to her counsel on July 9, 2019, and Hardin's counsel provided the Errata Sheet to the court reporter employed by Zurich's counsel on July 10, 2019, within the thirty-day timeframe allowed by Rule 30 of the Federal Rules of Civil

Procedure, made applicable to this contested matter by Rule 9014 and Rule 7030 of the Federal Rules of Bankruptcy Procedure.  Apparently, Zurich's court reporter failed to transmit the Errata Sheet, and Zurich's counsel saw the document for the first time on the eve of the hearing.

At the hearing on July 16, 2019, Zurich's counsel made an oral motion to strike the Errata Sheet.  The Court continued the hearing on the Motion to Dismiss to allow Zurich to reopen Hardin's deposition to question her about the changes made in the Errata Sheet and multiple years of tax returns that Debtor had marked as trial exhibits and had not previously been produced in discovery.  Counsel for Zurich re-deposed Hardin on August 6, 2019.  On August 13, 2019, Zurich filed the Motion, asserting in its brief in support that the Court should strike the Errata Sheet because the "Eleventh Circuit does not permit use of an errata to make substantive, contradictory changes to deposition testimony."

The Court agrees with Hardin that, contrary to Zurich's position, the Eleventh Circuit Court of Appeals "has not had occasion to squarely address" the question of "whether a deponent may make material, some contradictory, changes to his deposition transcript." *See DS Waters of Am., Inc. v. Fontis Water, Inc*., 2011 WL 13122270, at *2 (N.D. Ga. Dec. 14, 2011).  The three Eleventh Circuit cases cited by Zurich on this point—*Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1292 (11th Cir. 2010) (affirming the

3

court's use of its discretion to refuse to consider an errata sheet), *Jacobs v. Chadbourne*, 733 F. App's 483, 486 (11th Cir. 2018) (stating in dicta that "even if the district court had disregarded those changes, it would not have been error for it to do so"), and *Reynolds v. Int'l Bus. Machines Corp.*, 320 F. Supp.2d 1290, 1301 (M.D. Fla. 2004), *aff'd* 125 F. App'x 982 (11th Cir. 2004) (affirming without opinion the trial court's decision to disregard errata sheet changes)—do not stand for the proposition that a trial court lacks the discretion to allow substantive changes to a deposition transcript via an errata sheet. A case cited by Hardin persuades the Court that it does have the discretion to allow material changes, especially where, as here, the matter will be decided at trial and Zurich will be given every opportunity to question Hardin as to the changes she made and the evidence she relied upon to do so. *Mason v. United Parcel Serv. Co. Inc*, 674 F. App'x 943, 953 (11th Cir. 2017) (affirming "the district court's denial of [a] motion to strike the deposition errata sheets because its conclusion was not an abuse of discretion" and noting that the changes were consistent with other evidence and that the "district court explicitly stated that it did not use the changed answers in making its summary judgment determination"); *see also Lee–Bolton v. Koppers Inc.*, 2015 WL 11111046, at *2 (N.D. Fla. June 15, 2015) (adopting the broad approach to Rue 30(e) because (1) the plain language of Rule 30(e) contemplates changes in substance of deposition testimony; (2) allowing clarification of testimony and correction of errors "'furthers the purpose of the

4

discovery process-to allow the parties to elicit the true facts of a case before trial'"; and (3) "safeguards are available to prevent against possible abuse or prejudice stemming from Rule 30(e) modifications," such as "reading the original answers—which remain a part of the record—at trial and reopening the deposition to confront the changes").

In short, the Court concludes, as Hardin urges, that "this Court has full discretion over whether to disregard the Errata Sheet or whether to allow any discrepancies to be addressed through impeachment at trial." Having considered the changes, the circumstances for the changes, and the procedural posture of this case, which has and will allow for the amelioration of any prejudice to Zurich, the Court will exercise its discretion to deny the Motion on the condition described below.

For the reasons stated above,

IT IS ORDERED that the Motion to Strike Linda Hardin's Errata Sheet (Doc. 139) is **DENIED**;

IT IS FURTHER ORDERED that, at trial, Zurich will be permitted to question Hardin about the original answers given during the First Deposition and her reasons for the changes made on the Errata Sheet.

## END OF DOCUMENT

**Distribution List**

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

Steven T. Whitmer
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Julie L. Young
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Leon S. Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Leslie M. Pineyro
Jones and Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Henry C. Hardin, III
3245 Town Manor Circle
Dacula, GA 30019

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

William Russell Patterson, Jr.
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629

Heather Allyn DeGrave
Walters Levine & Lozano
Suite 720
601 Bayshore Blvd.
Tampa, FL 33606

Benjamin S. Klehr
Small Herrin, LLP
Building Two, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339

Deborah Shelles Cameron
Mozley, Finlayson & Loggins LLP
Suite 1500
1050 Crown Pointe Parkway
Atlanta, GA 30338

Evan Yablonsky
Bressler Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932